[L. A. No. 15293. In Bank.—January 28, 1936.]

BANKERS LIFE COMPANY, Appellant, v. J. R. CANTER-BURY, Jr., et al., Respondents.

Norman T. Mason for Appellant.

W. C. Shelton and George W. Burch, Jr., for Respondents.

THE COURT.—■ The sole question involved in this appeal is whether section 2924½ of the Civil Code, enacted in 1933, which section precludes the entry of a deficiency judgment unless one year, as distinguished from the former period of three months, has lapsed between the recordation of the notice of breach and election to sell and the date of sale under a deed of trust, may be applied to deeds of trust executed prior to the effective date of the section. The trial court, by sustaining a demurrer to the complaint without leave to amend, concluded that the section should be given a retroactive application. This is contrary to our decision in *Brown* v. *Ferdon*, L. A. No. 14775 (*ante*, p. 226 [54 Pac. (2d) 712], this day filed, wherein we held that the section could not be retroactively applied without doing violence to the "contract clause" of the Constitution.

For the reasons advanced in *Brown* v. *Ferdon, supra,* and upon the authority thereof, the judgment herein is reversed.